IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILLIAM SATTERFIELD,**

    Petitioner,

v.                                                                        Civil Action No. **3:20CV130**

**LARRY EDMONDS,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, filed a 28 U.S.C. § 2254 petition. ("§ 2254 Petition," ECF No. 7.) Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Petitioner states that he has not raised his claims in any state court. (ECF No. 7, at 5–12.) Thus, the record fails to indicate that Petitioner has properly exhausted his state court remedies with respect to his three claims.

By Memorandum Order entered on May 19, 2020, the Court directed Petitioner to show cause, within eleven (11) days of date of entry hereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion. Petitioner has responded. Petitioner claims his attorney never filed an appeal on his behalf and that his counsel was generally deficient. (ECF No. 9, at 1–2.) From a review of his submissions, it is evident that Petitioner experienced problems with his attorney perfecting his appeal. Petitioner, however, has clearly not presented his claims to or received a ruling on his claims from the Supreme Court of Virginia. Although Petitioner faults his attorney for the failure to appeal, Petitioner could present his claims *pro se* to the state courts.

Thus, Petitioner has failed to show good cause as to why he has failed to exhaust his claims. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. Petitioner may file a § 2254 petition in this Court after he has exhausted his remedies in state court.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 15 June 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge